# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:09-cr-165
                                        Related Case No. 3:16-cv-069

                                        District Judge Walter Herbert Rice
-  vs  -                         Magistrate Judge Michael R. Merz

MICKEY FUGATE,

        Defendant.    :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

      This § 2255 case is before the Court on the Government's Objections (ECF No. 110) to the undersigned's recommendation to grant Fugate's Motion to Vacate under 28 U.S.C. § 2255 (Report and Recommendations, ECF No. 109; the "Report"). Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 111). The Objections were filed September 2, 2016, so any response by Fugate, who is represented by counsel, was due to be filed by September 19, 2016, but none has been filed.

**Procedural History**

      Mickey Fugate was indicted on December 1, 2009, and charged with one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a)(Count 1); one count of discharging a firearm

1

during the Hobbs Act offense in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and one count of being in possession of a firearm after conviction for a felony in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2)(Count 3)(Indictment, ECF No. 14). On July 14, 2013, the grand jury returned a Superseding Indictment charging Fugate in five counts, all arising out of the same 2009 conduct charged in the original Indictment (ECF No. 60).

On August 28, 2013, Fugate entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts one and three of the Superseding Indictment, counts charging the Hobbs Act violation and an ACCA violation (ECF No. 66). The parties agreed that an appropriate sentencing range was a minimum of twenty and a maximum of thirty years on the ACCA count and one day to twenty years on the Hobbs Act count, to be served concurrently. *Id.* Fugate pled guilty pursuant to the Agreement, admitting to the commission of the five prior felonies detailed in the Superseding Indictment.

Judge Rice ordered preparation of a Presentence Investigation Report ("PSR"). The PSR calculated Fugate's offense level under the Sentencing Guidelines, noting "the defendant has at least three prior felony convictions for crimes of violence which are counted separately under the provisions of U.S.S.G. 4A1.1(a), (b), or (c)." (PSR ¶ 60.) The offenses listed were a 1992 conviction for burglary, a 2000 conviction for armed bank robbery, and a 2011 conviction for attempted escape. *Id.* The PSR also found Fugate was liable to an enhanced sentence under 18 U.S.C. 924(e)(1) for his 18 U.S.C. § 922(g) conviction because at least three of his prior convictions were for violent crimes or serious drug offenses, listing the two 1992 burglary convictions, armed bank robbery, use of a firearm in a crime of violence, and attempted escape (PSR ¶ 61). Fugate made no objection to the ACCA portion of the PSR (See Addendum to PSR; Transcript of Sentencing Proceedings, ECF No. 79, PageID 629).

2

Having considered and adopted the PSR, Judge Rice sentenced Fugate to 188 months on the Hobbs Act count and 300 months under the ACCA, concurrent with each other but consecutive to the sentences imposed in Cases 3:99-cr-078 and 3:00-cr-078 (Judgment, ECF No. 74, PageID 585).

Fugate appealed, claiming as error Judge Rice's decision on his motion to suppress and the imposition of consecutive sentences, but making no claim that the ACCA was unconstitutionally vague. The Sixth Circuit affirmed. *United States v. Fugate*, 599 Fed. Appx. 564 (6th Cir. 2014). The instant § 2255 Motion followed on February 23, 2016 (ECF No. 94).

## Analysis

Fugate was sentenced under the Armed Career Criminal Act and claims in the instant § 2255 Motion the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague. *Johnson* announced a new substantive rule that has retroactive effect in cases on collateral review. *Welch v. United States*, 576 U.S. ___, 136 S. Ct. 1257 (April 18, 2016); *In re: Windy Watkins*, 810 F.3d 375 (6th Cir. 2015). The instant § 2255 Motion was filed within one year of the *Johnson* decision and thus is timely under 28 U.S.C. § 2255(f)(3).

The pertinent portion of 18 U.S.C. § 924(e)(2)(B)(ii) declared unconstitutional in *Johnson* is the boldfaced language below, the "Residual Clause":

> (B) the term "violent felony" means any crime punishable by
> imprisonment for a term exceeding one year, or any act of juvenile
> delinquency involving the use or carrying of a firearm, knife, or

3

>destructive device that would be punishable by imprisonment for such term if committed by an adult, that—
>
>(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
>(ii) is burglary, arson, or extortion, involves use of explosives, or **otherwise involves conduct that presents a serious potential risk of physical injury to another**;

Fugate argues first that his two 1992 burglary convictions can no longer be counted as qualifying predicate offenses (Motion, ECF No. 94, PageID 858). The Sixth Circuit had previously held that burglary in Ohio was broader than "generic" burglary under the Supreme Court's interpretation of that term in § 924(e)(2)(B)(ii). *United States v. Lane*, 909 F.2d 895, 902 (6th Cir. 1990). However, that court had also held burglary satisfied the residual clause. *United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011). Thus Fugate argues his two 1992 Ohio burglary convictions were qualified predicate offenses when he was sentenced, but have been disqualified by *Johnson*.

While it initially argued those convictions remained qualifying, the United States has now conceded its argument is no longer tenable in light of *Mathis v. United States*, 579 U.S. ___, 136 S. Ct. 2243, 195 L. Ed. 2d 604, 610 (2016).

>In light of *Mathis'* elements-based approach (which prohibits examining the means by which the element of "occupied structure" in Ohio's burglary offense was satisfied), the argument the United States raised in its initial Answer – that the defendant's prior Ohio burglary convictions qualified as crimes of violence – was no longer tenable.

(Sur-reply, ECF No. 108, PageID 940.) The concession is made without any textual analysis of *Mathis*. The Magistrate Judge accepts the concession for purposes of this case without foreclosing an independent analysis of *Mathis* when appropriate in another case.

4

Next Fugate argues his 2001 attempted escape conviction was qualified only under the residual clause (Motion, ECF No. 94, PageID 858, citing *United States v. Hughes*, 602 F.3d 669 (5th Cir. 2010)). In that case the Fifth Circuit held that a violation of 18 U.S.C. § 751(a) is a violent crime under the ACCA residual clause. The United States does not appear to dispute that Fugate's 2001 conviction for attempted escape under the same statute is a violent crime only under the residual clause.

Finally, Fugate notes that his convictions for federal armed bank robbery and use of a firearm in 2009 were counted twice but can only appropriately be counted once because they were committed on the same occasion (Motion, ECF No. 94, PageID 859, citing *United States v. Barbour*, 750 F.3d 535, 539 (6th Cir. 2014)). In its Amended Answer the United States provided facts from the plea hearing in the 2000 case in support of its position that the two offenses were committed "on different occasions." (ECF No. 105, PageID 911-12.)

In *Barbour* the two relevant predicate offenses were both aggravated robberies in Tennessee, one of a motorist sitting in his vehicle at a gas station and one of the gas station itself. The store robbery followed the motorist robbery and Judge Moore opined the key question was "when does the commission of one crime end and the commission of a second crime begin?" 750 F.3d at 537. The court concluded the burden was on the Government to show the crimes were committed on different occasions and found that it had not done so in Barbour's case. *Id.*

The facts of this case as shown from the plea hearing are sufficient to show that Fugate's armed robbery of the bank was concluded before he shot at an unrelated vehicle while fleeing. In *Hill v. United States*, 440 F.3d 292 (6th Cir. 2006), the court held

> there are at least three indicia that offenses are separate from each other." *Id.* at 297. These indicia are 1) whether "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins," 2) whether

5

> "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense," 3) whether "the offenses are committed in different residences or business locations."

*Id.* at 297-98.

The *Barbour* court acknowledged that "[s]ubsequently, a panel of this court asserted that '[o]ffenses are separate if they meet any of these three tests.'" 750 F.3d at 540, citing *United States v. Jones*, 673 F.3d 497, 503 (6th Cir. 2012).

Fugate's conduct in the 2000 offenses meets the first two tests and arguably the third as well. Moreover, Fugate has procedurally defaulted this claim because it was available to him on direct appeal and not raised. *United States v. Frady*, 456 U.S. 152 (1982).

The United States argues in its Amended Answer that Fugate has forfeited all his claims because he did raise any vagueness challenge before sentencing or on direct appeal (ECF No. 105, PageID 915-24). In the Report, the undersigned agreed with Fugate's counsel that *Welch, supra*, precludes this argument and Fugate cannot be deemed to have forfeited a claim which had not yet arisen when he pleaded and was sentenced. *United States v. McBride*, ___ F.3d ___, 2016 U.S. App. LEXIS 10538 (6th Cir. Jun. 10, 2016)(Boggs, J.)

In its Objections, the United States argues neither *Welch* nor *McBride* precludes application of the procedural default rule in this case (Objections, ECF No. 110, PageID 953).

In *Welch* the Supreme Court decided that its decision in *Johnson* was substantive rather than procedural and therefore applied to cases on collateral review under *Teague v. Lane*, 489 U.S. 288 (1989). The Solicitor General waived procedural default in *Welch*, but has not done so in this case and its waiver in the Supreme Court in *Welch* does not bind it here. The Government also notes that the *Teague* analysis and procedural default analysis are conceptually separate (Objection, ECF No. 110, PageID 953). Nevertheless, it is difficult to see how *Welch* would

6

have any impact if it did not overcome a procedural default defense. Because of 28 U.S.C. § 2255(f)(3), the statute of limitations for a § 2255 motion began to run anew on *Johnson* claims when *Johnson* was decided. But, under the Government's argument here, that reopened remedy would have been of value only to those few federal prisoners who had raised a vagueness claim on direct appeal despite strong law, including Supreme Court law, the other way. It appears to the Magistrate Judge that the Supreme Court contemplated *Welch* would overcome procedural default. Otherwise how would one explain Justice Thomas' complaint in dissent that *Welch* had not been framed as a case involving procedural default?

The Report also relied on *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), which held that a plea agreement which agrees that certain enhancements are applicable waives an appellate argument that they are not, except for claims that have not yet arisen, e.g., *Johnson* claims. As the United States points out, *McBride* was a direct appeal case where the defendant had agreed, in a written plea agreement, that he was properly classified as a career offender. The court, per Judge Boggs, held that the *Johnson* claim was not waived because only known rights can be intentionally relinquished and *Johnson* had not yet been decided when McBride signed his plea agreement. *Id.* The *McBride* court relied on *United States v. Olano*, 507 U.S. 725 (1993), which distinguishes between waiver and forfeiture.

The Government concedes that the issue here has not yet been decided in the circuit courts, but refers this Court to a number of district courts decisions.

In *Estrada-Perez v. United States*, 2016 U.S. Dist. LEXIS 112973 (W.D. Wash. Aug. 23, 2016), a *Johnson* claim was found defaulted because not raised on direct appeal. Judge Settle noted that the novelty of a claim may be excusing cause, but the *Johnson* issue was in fact before many courts at the time Estrada-Perez was sentenced. *Id.* at *3-4, citing *Bousley v. United*

7

*States*, 523 U.S. 614, 622 (1998). Judge Settle followed the same logic in another § 2255 case decided the same day, *Valdovinos-Diaz v. United States*, 2016 U.S. Dist. LEXIS 112558 (W.D. Wash. Aug. 23, 2016). To the same effect is the pre-*Welch* decision in *Craig v. United States*, 2016 U.S. Dist. LEXIS 4812 (W.D. N.C. Jan. 14, 2016). However, in *United States v. Harris*, 2016 U.S. Dist. LEXIS 117070 (M.D. Pa. Aug. 31, 2016), Judge Caldwell found procedural default but excusing cause in that a vagueness claim was not reasonably available at the time of Harris' sentencing in 2006.

Contrary to the urging of the United States, the Magistrate Judge recommends the Court find the vagueness argument was not reasonably available to Fugate at the time of his direct appeal. *Johnson* is indeed "new" law; to reach its conclusion in *Johnson*, the Supreme Court had to expressly overrule recent precedent, *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 564 U.S. 1 (2011). If we require criminal defendants to raise on direct appeal issues of law which have very recently been decided by the Supreme Court against them in order to preserve the claim for collateral review, we will crowd the direct appeal pleadings and circuit court dockets and opinions with useless matter that will nonetheless require judicial work. That is directly contrary to conventional wisdom about how to argue appeals. *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues.").

In addition to cause, however, a procedurally defaulting defendant must also show prejudice. Fugate cannot do so. He pled guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) with an agreed sentencing range of up to thirty years on count three and one day to twenty years on count one, to be served concurrently. Judge Rice imposed a sentence of 188 months on the Hobbs Act

8

count and 300 months under the ACCA. He also independently found under 18 U.S.C. § 3553 that the sentence imposed was sufficient but not more than necessary. Absent the ACCA enhancement, Fugate would face a maximum of ten years on count three and twenty years on count one for a total of 360 months. Thus the sentence Judge Rice found to be appropriate under § 3553 would still be available to the Court if the ACCA enhancement were vacated.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge WITHDRAWS his former recommendation and now recommends that Fugate's § 2255 Motion be DENIED. Because the law relating to *Johnson* claims is evolving so rapidly, the Magistrate Judge DEFERS any recommendation as to a certificate of appealability until such time, if any, that Defendant moves for a certificate.

September 26, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).