# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:09-cr-165
                                       Related Case No. 3:16-cv-069

                                       District Judge Walter Herbert Rice
   -  vs  -                        Magistrate Judge Michael R. Merz

MICKEY FUGATE,

                Defendant.    :

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This § 2255 case is before the Court on the Defendant's Objections (ECF No. 113) to the undersigned's recommendation to deny Fugate's Motion to Vacate under 28 U.S.C. § 2255 (Supplemental Report and Recommendations "Supplemental Report", ECF No. 112). Judge Rice has recommitted the matter for reconsideration in light of the Objections (ECF No. 114). The Objections were filed September 30, 2016, so any response by the United States was due to be filed by October 17, 2016, but none has been filed.

The procedural history of this case is set forth in the Supplemental Report (ECF No. 112, PageID 962-64).

1

# Analysis

Fugate was sentenced under the Armed Career Criminal Act and claims in the instant § 2255 Motion the benefit of *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), in which the Supreme Court found the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague.  The Presentence Investigation Report ("PSR") found Fugate qualified for sentencing under the ACCA based on two 1992 burglary convictions, armed bank robbery, use of a firearm in a crime of violence, and attempted escape (PSR ¶ 61).  The United States conceded that the burglary convictions no longer qualify as predicate offenses and does not contest his claim that the escape conviction qualified only under the unconstitutional residual clause.

**Separate Offenses**

Fugate argued his convictions for federal armed bank robbery and use of a firearm in 2009 were counted twice but can only appropriately be counted once because they were committed on the same occasion (Motion, ECF No. 94, PageID 859, *citing United States v. Barbour*, 750 F.3d 535, 539 (6th Cir. 2014)).  The Supplemental Report distinguished *Barbour* and concluded the bank robbery was sufficiently distinct from Fugate's shooting at an unrelated vehicle while fleeing to make the offenses be "on different occasions" for ACCA purposes (ECF No. 112, PageID 966-67).

Fugate objects that, because the firearm count was indicted as being "during and in relation to a crime of violence," the United States is "stuck with the language with which they

chose to indict." (Objections, ECF No. 113, PageID 972-73.)  The Supplemental Report found the facts from the plea hearing to be sufficient to distinguish the offenses.  (See Case No. 3:99-cr-078, ECF No. 59, PageID 347-48.)  Moreover, the Indictment itself separated the armed bank robbery in which a handgun was alleged to have been "used" (Count 1) from Count 2 in which the actual discharge of the firearm is alleged (Indictment, Case No. 3:99-cr-078, ECF No.11 , PageID 29-30).

The Sixth Circuit test for whether offenses are "separate" for ACCA purposes is not a formal pleading test, but a fact-based test:

> [T]here are at least three indicia that offenses are separate from each other." Id. at 297. These indicia are 1) whether "it is possible to discern the point at which the first offense is completed, and the subsequent point at which the second offense begins," 2) whether "it would have been possible for the offender to cease his criminal conduct after the first offense, and withdraw without committing the second offense," 3) whether "the offenses are committed in different residences or business locations."

*Hill v. United States*, 440 F.3d 292, 297-98 (6th Cir. 2006).

**Procedural Default**

The Supplemental Report also concluded Fugate had procedurally defaulted on his claim that the armed bank robbery and the shooting at the unrelated vehicle were not separate offenses because he could have raised this claim on direct appeal but did not do so (Supplemental Report, ECF No. 112, PageID 967; see *United States v. Fugate*, Case No. 14-3059/3456/3457 (6th Cir. Dec. 18, 2014))(unreported; copy at ECF No. 85, showing issue on appeal was denial of motion to suppress).

The Objections assert an inconsistency in the Supplemental Report in finding there was no procedural default of Fugate's claims under *Johnson*, *supra*, "inexplicably states" a procedurally defaulting defendant must show prejudice in addition to excusing cause (Objections, ECF No. 113, PageID 973). Although the Supplemental Report found no procedural default, it also recommended a finding of no prejudice. While a Magistrate Judge always hopes all of his conclusions will be accepted, the recommendation on prejudice was added in case the District Court would agree with the Government on the cause element.

Mr. Fugate also objects to the recommendation that the Court find he was not prejudiced by any error in imposing a sentence under the ACCA. If Fugate is correct and his ACCA sentence is "flatly illegal" under *Johnson*, he would face the Court for resentencing with a plea agreement in place providing for a range of twenty to thirty years. A finding that the ACCA portion of the sentence was unlawful would not affect that range. Of course, the District Court might not impose exactly the same sentence, as Fugate points out.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge again respectfully recommends Mr. Fugate's Motion to Vacate be DISMISSED WITH PREJUDICE and recommends deferring any decision on a certificate of appealability until a motion to that effect is made so that any recommendation on such a motion can take into account any developing law relating to *Johnson* claims, since that may disclose how reasonable jurists differ.

November 8, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).