IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

UNITED STATES OF AMERICA,　　　　:

　　　Plaintiff,

　　　v.　　　　　　　　　　　　　　:　　Case No. 3:09-cr-165

MICKEY FUGATE,　　　　　　　　　　　JUDGE WALTER H. RICE

　　　Defendant.　　　　　　　　　:

---

DECISION AND ENTRY ADOPTING IN PART AND REJECTING IN
PART UNITED STATES MAGISTRATE JUDGE'S SUPPLEMENTAL
REPORT AND RECOMMENDATIONS (DOC. #112) AND SECOND
SUPPLEMENTAL REPORT AND RECOMMENDATIONS (DOC. #115);
SUSTAINING IN PART AND OVERRULING IN PART DEFENDANT'S
OBJECTIONS THERETO (DOCS. ##113, 116); SUSTAINING
DEFENDANT'S MOTION TO VACATE SENTENCE PURSUANT TO 28
U.S.C. § 2255 (DOC. #94); VACATING JUDGMENT (DOC. #74);
ORDERING AMENDED PRESENTENCE INVESTIGATION REPORT;
CONFERENCE CALL SET FOR TUESDAY, SEPTEMBER 19, 2017, AT
8:30 A.M.

---

After the Supreme Court issued its decision in *Johnson v. United States*,

135 S. Ct. 2551 (2015), holding that the residual clause in the Armed Career

Criminal Act ("ACCA"), 18 U.S.C. §924(e)(2)(B)(ii), was unconstitutionally vague,

Defendant Mickey Fugate filed a Motion to Vacate Sentence Pursuant to 28 U.S.C.

§ 2255, Doc. #94.

This matter is currently before the Court on United States Magistrate Judge

Merz's Supplemental Report and Recommendations, Doc. #112, Second

Supplemental Report and Recommendations, Doc. #115, and Fugate's Objections thereto, Docs. ##113, 116.  For the reasons set forth below, those Objections are sustained in part and rejected in part, and said judicial filings are adopted in part and rejected in part.  Because the sentence previously imposed is no longer constitutional, the Court sustains Fugate's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, and will set the matter for resentencing.

## I.    Background and Procedural History

### A.    Plea and Sentence

The First Superseding Indictment in this case, Doc. #60, charges Fugate with five counts stemming from a November 14, 2009, armed robbery of a convenience store: (1) a Hobbs Act robbery (Interference with Commerce by Threats or Violence), in violation of 18 U.S.C. § 1951(a); (2) Use of a Firearm During and In Relation to a Crime of Violence (robbery), in violation of 18 U.S.C. §§924(c)(1)(A) and (C); (3) Possession of a Firearm and Ammunition Subsequent to Three or More Violent Felony Convictions, in violation of 18 U.S.C. §§922(g)(1), 924(a)(2) and 924(e) (the Armed Career Criminal Act or "ACCA"); (4) Tampering with a Witness by Force or Threat of Force, in violation of 18 U.S.C. §§1512 (a)(2)(C) and (a)(3)(B) and (C); and (5) Use of a Firearm During and in Relation to a Crime of Violence (witness tampering), in violation of 18 U.S.C. §§924(c)(1)(A) and (C).

On August 28, 2013, Mickey Fugate agreed to plead guilty to Counts One and Three. Doc. #66. A conviction on Count One subjected him to a term of imprisonment of up to 20 years, and up to three years of supervised release. A conviction on Count Three, the ACCA charge, subjected him to a mandatory minimum sentence of fifteen years, and up to life imprisonment, plus a term of supervised release of up to five years. The ACCA provides as follows:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years.

18 U.S.C. § 924(e)(1). The ACCA, as applied at the time of Fugate's sentencing, defined a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

(i)     has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion of subsection (ii) is known as the "residual clause."

The Statement of Facts attached to the plea agreement, Doc. #66, indicates that Fugate was previously convicted of five "violent felonies": (1) armed bank robbery; (2) use of a firearm in a crime of violence; (3) attempted escape; and (4)

two burglaries. Accordingly, the ACCA applied, subjecting Fugate to a fifteen-year mandatory minimum sentence on Count Three.

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties entered into a plea agreement, agreeing that an appropriate disposition would include "at least 20 years up to 30 years imprisonment (specifically, at least 20 years up to 30 years on count three; at least one day up to 20 years on count one to be served concurrently with count three)." Doc. #66, PageID#539. The government agreed to dismiss the other three counts, including the two §924(c) counts that would have each required a 25-year consecutive sentence.

On January 13, 2014, Fugate was sentenced to 188 months on Count One and 300 months on Count Three, said sentences to be served concurrently to each other, but consecutively to the concurrent sentences imposed in two earlier federal cases.[1] He was also sentenced to a three-year term of supervised release on Count One and a five-year term on Count Three, to be served concurrently, and ordered to pay $297.00 in restitution to the convenience store. Doc. #74. The sentence was affirmed on appeal. *United States v. Fugate*, 599 F. App'x 564 (6th Cir. 2014).

Later that year, while Fugate's petition for certiorari was still pending, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague. *Johnson*, 135 S. Ct. 2551 (2015). Because *Johnson* announced a new

---

[1] Fugate committed the convenience store robbery while on supervised release for another bank robbery, Case No. 3:99-cr-78, and an attempted escape, Case No. 3:00-cr-78.

rule of constitutional law, it applied retroactively to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016); *In re Watkins*, 810 F.3d 375 (6th Cir. 2015).

### B. Motion to Vacate Sentence

Fugate filed a Motion to Vacate Sentence Pursuant to 28 U.S.C. §2255, Doc. #94, arguing that, because three of his five prior violent felonies (the two burglaries and the escape charge) were predicated on the ACCA's residual clause, he no longer qualified as an armed career criminal, and was no longer subject to the fifteen-year mandatory minimum sentence on Count Three. In short, prior authority to the contrary was no longer applicable. *See United States v. Coleman*, 655 F.3d 480, 483 (6th Cir. 2011) (holding that Ohio's burglary statute constituted a "violent felony" under the ACCA's residual clause); *United States v. Hughes*, 602 F.3d 669, 677 (5th Cir. 2010) (holding that attempted escape qualifies as a "violent felony" under the ACCA's residual clause).

Citing *United States v. Barbour*, 750 F.3d 535 (6th Cir. 2014), Fugate further argued that, because the two remaining violent felonies, *i.e.*, armed robbery and use of a firearm, were not "committed on occasions different from one another," *see* 18 U.S.C. §924(e)(1), they should count as just one offense.

If the ACCA no longer applied, the applicable statutory maximum sentence on Count Three was 10 years. *See* 18 U.S.C. § 924(a)(2). Given that Fugate was sentenced to 300 months, more than double the statutory maximum, on Count

Three, he argued that his sentence must be vacated so that he could be resentenced.

In its Answer to Fugate's motion, Doc. #100, the Government argued that, because the two burglaries were of residences with identified street addresses, they did not fall under the residual clause, but qualified as generic burglaries under the "enumerated offenses" portion of 18 U.S.C. §924(e)(2)(B)(ii).[2] According to the Government, because Fugate had conceded that he had at least one other "violent felony" conviction (either the armed bank robbery or the use of a firearm), he still qualified as an armed career criminal.

Shortly thereafter, the Supreme Court decided the case of *Mathis v. United States*, 136 S. Ct. 2243 (2016), rendering meritless the Government's argument that, because the burglaries were of residences with identified street addresses, they qualified as generic burglaries. *Mathis* held that, in determining whether a

---

[2]  As the Government explained, the Supreme Court has defined a "generic" burglary as the "unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013). Ohio's burglary statute is broader than that. It also punishes unlawful entry into watercrafts, aircrafts, railroad cars, trucks and other vehicles. The statute is "divisible," setting out one or more elements in the alternative. In *United States v. Priddy*, 808 F.3d 676 (6th Cir. 2015), the Sixth Circuit explained that, in determining whether a particular conviction constitutes a "violent felony" under the enumerated offense clause of the ACCA, the court is to use a "modified categorical approach," consulting a "limited class of documents . . . to determine which alternative formed the basis of the defendant's prior conviction." *Id.* at 683 (quoting *Descamps*, 133 S. Ct. at 2281). That limited class includes "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information" to determine the precise subsection to which Defendant pleaded guilty." *Id.* (quoting *Shepard v. United States*, 544 U.S. 13, 26 (2005)).

prior burglary qualifies as a predicate enumerated offense under the ACCA, the court must focus only on whether the *elements* of the crime of conviction are the same as, or narrower than, the *elements* of a generic burglary. The court may not consider the underlying facts of the prior burglary. *Id.* at 2248.

The Government was given leave to file an Amended Answer, Doc. #105. Therein, the Government argued, for the first time, that Fugate's §2255 claim was procedurally defaulted, given that he did not challenge the ACCA's residual clause on vagueness grounds until he filed his § 2255 motion. The Government further argued that Fugate could not establish the requisite cause and prejudice to overcome the procedural default. *See United States v. Frady*, 456 U.S. 152, 167-68 (1982).

The Government acknowledges that, prior to *Johnson*, the Supreme Court had twice rejected vagueness challenges to the ACCA's residual clause. *See James v. United States*, 550 U.S. 192, 210 n.6 (2007), and *Sykes v. United States*, 564 U.S. 1, 131 S. Ct. 2267, 2277 (2011). The Government nevertheless argues that the decision in *Johnson* was foreshadowed by cases in which courts around the country had continued to struggle with the parameters of the residual clause. According to the Government, Fugate should have reasonably anticipated the *Johnson* holding and preserved the vagueness challenge by raising it on direct appeal. Quoting *Engle v. Isaac*, 456 U.S. 107, 130 n.35 (1982), the Government argues that "futility cannot constitute cause if it means simply that a claim was unacceptable to that particular court at that particular time." However, the

Government acknowledges that *Engle* did not involve established Supreme Court precedent.

The Government maintains that, even if Fugate could establish cause for the procedural default, he cannot establish the requisite prejudice. Given the 11(c)(1)(C) plea agreement specifying a 20-30-year overall sentence, he cannot show that, but for the *Johnson* error, his aggregate sentence of 300 months would have been any different.

Fugate urged the Court to strike the Amended Answer, given the Government's delay in raising the procedural default defense. Said defense was available when the initial Answer was filed.[3] Fugate also argued that *Welch* and *Watkins*, which made *Johnson* retroactively applicable to cases on collateral review, foreclosed a finding of procedural default. Doc. #106.

### C. Initial Report and Recommendations (Doc. #109), and Objections Thereto (Doc. #110)

On August 19, 2016, Magistrate Judge Merz issued an initial Report and Recommendations. Doc. #109. Given that Fugate's two burglary convictions and the conviction for attempted escape no longer counted as qualifying offenses under the ACCA, he found that the ACCA no longer applied. He rejected Fugate's argument that the prior convictions for armed bank robbery and use of a firearm

---

[3] The Government maintains that, prior to *Mathis*, there was no reason to raise the issue of procedural default, because Fugate's claim failed on the merits. It also argues that Fugate has suffered no prejudice, given that he has been able to fully brief the issue. Doc. #108.

counted as just one offense. *See Hill v. United States*, 440 F.3d 292, 297-98 (6th Cir. 2006) (setting forth three indicia that offenses are separate from each other for purposes of the ACCA). He found that Fugate had procedurally defaulted this particular claim, but that, in any event, facts established at the plea hearing showed that the armed bank robbery was completed before Fugate shot at an unrelated vehicle while fleeing the scene.

Magistrate Judge Merz rejected the Government's argument that Fugate had forfeited his vagueness challenge by not raising it earlier, and agreed with Fugate that *Welch* foreclosed a finding of procedural default. Citing *United States v. McBride*, 826 F.3d 293 (6th Cir. 2016), Magistrate Judge Merz held that Fugate could not be deemed to have forfeited a claim that had not yet arisen. He recommended that Fugate's motion be granted, and that he be re-sentenced.

The Government filed Objections to the Report and Recommendations, Doc. #110, arguing that neither *Welch* nor *McBride* precluded application of the procedural default rule. In *Welch*, the Solicitor General had waived the procedural default defense. Moreover, the question of whether a new rule applied retroactively to cases on collateral review was distinct from the question of whether a claim was procedurally defaulted. *McBride* involved the question of whether the defendant pursuing a *direct* appeal had forfeited his *Johnson* claim. The court held that, because *Johnson* had not yet been decided, McBride could not have "intentionally relinquished" the claim. Here, however, Fugate raised his *Johnson* claim for the first time on collateral review. The question therefore, is

9

whether he can establish cause and prejudice for the procedural default. *See Frady*, 456 U.S. at 167-68.

The Government again argued that Fugate could not establish cause for the procedural default because, even though *Sykes* and *James* were the law of the land and *Johnson* had not yet been decided, numerous defendants—including Johnson himself—had continued to challenge the ACCA's residual clause on vagueness grounds. As the Government notes, courts across the country have split on the question of whether cause exists to excuse procedural defaults of *Johnson*-based claims.

The Government further argued that, even if Fugate could establish cause for the procedural default, he could not show the requisite prejudice. The parties agreed that a 20-30 year overall sentence would be appropriate ("at least 20 years up to 30 years on count three" and "at least one day up to 20 years on count one to be served concurrently with count three."). The Court found that a sentence of 300 months (25 years) on Count Three, plus a concurrent sentence of 188 months on Count One, was sufficient but not greater than necessary to achieve the goals of sentencing. According to the Government, but for the alleged *Johnson* error, the sentence would have been structured differently; however, there is no reason to believe that the overall sentence would have been different.

## D. Supplemental Report and Recommendations (Doc. #112)

Magistrate Judge Merz found some of the Government's Objections to be convincing. He issued a Supplemental Report and Recommendations, Doc. #112, withdrawing his initial Report and Recommendations, Doc. #109.

Magistrate Judge Merz again found that the ACCA no longer applied. Per *Mathis*, the two burglary convictions no longer qualified as predicate offenses, and neither did Fugate's conviction for attempted escape. This left only two predicate offenses—armed bank robbery and use of a firearm. Again, relying on *Hill v. United States*, 440 F.3d at 297-298, Magistrate Judge Merz concluded that these should be counted as two separate offenses. He also again found that Fugate had procedurally defaulted this claim.

Magistrate Judge Merz then turned to the question of whether Fugate had procedurally defaulted on his vagueness challenge to the residual clause. He acknowledged that *Welch* dealt only with the question of retroactivity, but stated, "it is difficult to see how *Welch* would have any impact if it did not overcome a procedural default defense." The remedy that was reopened by *Johnson* would apply "only to those few federal prisoners who had raised a vagueness claim on direct appeal despite strong law, including Supreme Court law, the other way." Doc. #112, PageID##967-68.

The magistrate judge acknowledged that *McBride* was distinguishable in that it involved a direct appeal. He nevertheless recommended that the Court find that Fugate had established cause for the procedural default, given that the vagueness

11

argument was not reasonably available at the time of his direct appeal. The Supreme Court had rejected vagueness challenges in *James* and *Sykes*, effectively foreclosing any such argument. Under these circumstances, Fugate was not required to raise the claim to preserve it for collateral review.

Magistrate Judge Merz now agreed with the Government, however, that Fugate could not establish the requisite prejudice. The 300-month sentence that the Court found to be sufficient but not greater than necessary was still available even without the ACCA enhancement, because the parties had agreed that the Court could sentence Fugate up to twenty years on Count One, and twenty to thirty years on Count Three. Even if Fugate is now subject to a statutory maximum sentence of ten years on Count Three, the Court could still, technically, impose a 300-month sentence. Magistrate Judge Merz therefore recommended that Fugate's § 2255 motion be denied. Given the evolving nature of the law on this subject, Magistrate Judge Merz deferred a recommendation on a certificate of appealability.

### E. Fugate's Objections to Supplemental Report and Recommendations (Doc. #113)

Fugate has objected to three of Magistrate Judge Merz's findings. First, he objects to the finding that the convictions for armed bank robbery and use of a firearm were committed on different occasions. He argues that, because the Superseding Indictment in that case alleges that the use of the firearm was "during and in relation to a crime of violence . . . to wit, armed bank robbery," the

12

Government cannot successfully argue that the crimes occurred on two separate occasions.

Second, Fugate objects to the Magistrate Judge's finding that he must show prejudice. He argues that, once Magistrate Judge Merz found that there was no procedural default because the *Johnson* claim was not reasonably available at the time of his direct appeal, there was no need to consider the question of prejudice.

Third, to the extent that prejudice must be shown, Fugate objects to the Magistrate Judge's finding that he suffered no prejudice as a result of the *Johnson* error. Fugate argues that his sentence on Count Three is now facially illegal, and that this, in and of itself, warrants habeas relief. Moreover, given the ten-year statutory maximum sentence on Count Three, there is a distinct possibility that the Court would have imposed a lower sentence within the confines of the Rule 11(c)(1)(C) plea agreement. Prejudice therefore exists. Fugate also objected to deferring a recommendation on a certificate of appealability.

## F.    Second Supplemental Report and Recommendations (Doc. #115)

In light of Fugate's Objections, the undersigned recommitted the matter to Magistrate Judge Merz, who issued a Second Supplemental Report and Recommendations, Doc. #115. He again rejected Fugate's argument that the armed bank robbery and the use of a firearm counted as a single offense. Citing *Hill*, 440 F.3d 297-98, he explained that the Sixth Circuit test for determining "whether offenses are 'separate' for ACCA purposes is not a formal pleading test,

13

but a fact-based test."[4]  Doc. #115, PageID#979.  He noted, however, that the Indictment contained two separate counts—one for armed bank robbery where a handgun was used, and another for actual discharge of the firearm.

With respect to the questions of prejudice and procedural default, Magistrate Judge Merz explained that he had found that Fugate's claim that the armed bank robbery and use of a firearm were two separate offenses was procedurally defaulted, having not been raised on direct appeal.  With respect to the *separate* issue of whether Fugate's vagueness challenge to the ACCA's residual clause was procedurally defaulted, he found that, although Fugate had established cause to overcome the procedural default, he had not established actual prejudice. Magistrate Judge Merz did not waver from this recommendation, and again recommended that Fugate's motion be dismissed with prejudice.  He again deferred a recommendation on a certificate of appealability.

### G.    Fugate's Objections to Second Supplemental Report and Recommendations (Doc. #116)

Fugate filed timely Objections to the Second Supplemental Report and Recommendations, Doc. #116. He again objected to the Magistrate Judge's finding that the armed bank robbery and use of a firearm constituted two separate

---

[4] The Sixth Circuit recently held that, in determining whether prior offenses were "committed on occasions different from one another" for purposes of the ACCA, the court may consult "only the evidentiary sources approved by the Supreme Court" in *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005). *See United States v. King*, 853 F.3d 267, 273 (6th Cir. 2017). Such sources may include the indictment or information, jury instructions, the plea colloquy transcript or written plea agreement and the attached statement of facts admitted to by the defendant. *Id.*

offenses for ACCA purposes. He acknowledges, however, that this is largely irrelevant because, even if they count as two separate offenses, he still lacks the three violent felonies needed to trigger the ACCA.

Fugate also again objects to the Magistrate Judge's finding that he has failed to establish prejudice for the procedural default on the *Johnson* claim. Given that the conviction on Count Three now subjects him to a statutory maximum term of ten years, instead of fifteen years to life, Fugate argues that the Court must reconsider whether the sentence imposed is still appropriate. He continues to argue that there is no reason to defer a decision on a certificate of appealability.

## II.    Standard of Review

Pursuant to Federal Rule of Civil Procedure 72(b)(3), the Court must make a *de novo* review of any part of the Magistrate Judge's Reports and Recommendations to which proper objections have been filed. The Court may accept, reject or modify the recommended disposition.

Because Magistrate Judge Merz withdrew his initial Report and Recommendations, Doc. #109, the Court need address only Fugate's Objections to the Supplemental Report and Recommendations, Doc. #112, and the Second Supplemental Report and Recommendations, Doc. #115.

## III. Rulings on Objections

### A. Armed Bank Robbery and Use of a Firearm as Separate Offenses for Purposes of ACCA

The Court OVERRULES AS MOOT Fugate's Objection to the Magistrate Judge's finding that the convictions for armed bank robbery and use of a firearm should be counted as separate offenses under the ACCA. *See infra* at 13-14, n.4.[5] Regardless of whether they count as one or two offenses, it is undisputed that, post-*Johnson* and post-*Mathis*, Fugate has no more than two "violent felonies" on his record. Accordingly, he no longer qualifies as an armed career criminal subject to a fifteen-year mandatory minimum sentence on Count Three.

### B. Need to Show Prejudice

The Court also OVERRULES Fugate's Objection to the Magistrate Judge's finding, in the Supplemental Report and Recommendations, that he must prove prejudice. This Objection appears to be based solely on a misreading of that judicial filing.

Magistrate Judge Merz found that the *Johnson* claim was procedurally defaulted. Although Fugate had established *cause* for the procedural default (in that the vagueness argument was not reasonably available to him at the time of his direct appeal), he did not establish the requisite *prejudice*. A defendant must prove both cause and prejudice to excuse the procedural default. *Frady*, 456 U.S. at

---

[5]   The Court notes, however, that the indictment, statement of facts, and transcript of the hearing on the motion to suppress clearly show that these offenses were committed on occasions different from one another for purposes of the ACCA.

167-68. The Court notes that, after this was explained in the Second Supplemental Report and Recommendations, Doc. #115, PageID#980, Fugate did not renew his Objection on this point.

### C. Existence of Prejudice

Finally, Fugate objects to Magistrate Judge Merz's finding that he failed to establish the requisite prejudice. According to Magistrate Judge Merz, regardless of whether the ACCA applies, Fugate cannot show prejudice because he was sentenced within the twenty-to-thirty year range agreed to by the parties in the Rule 11(c)(1)(C) plea agreement. The Court SUSTAINS this Objection.

For the reasons explained by Magistrate Judge Merz, the Court finds that Fugate has established the requisite cause for the procedural default of the *Johnson* claim. Given that the Supreme Court had already ruled that the ACCA's residual clause was not void for vagueness, Fugate cannot be penalized for failing to raise this claim on direct appeal. In fact, raising a claim that ran contrary to established Supreme Court precedent could be viewed as sanctionable conduct.

Nevertheless, contrary to the Magistrate Judge's finding, the Court concludes that Fugate has also established the requisite prejudice to excuse the procedural default. Because Fugate is no longer subject to the ACCA, the fifteen-year mandatory minimum sentence no longer applies to Count Three. Instead, the statutory maximum sentence is ten years. This Court's 300-month sentence on Count Three is more than double the new statutory maximum. As Fugate notes, this, in and of itself, warrants vacating the sentence previously imposed. The

17

Court cannot allow an illegal sentence to stand. *See* 28 U.S.C. §2255(b) ("If the court finds that . . . the sentence imposed was not authorized by law . . . the court *shall vacate and set the judgment aside* and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate.") (emphasis added).

Although the Court can no longer honor the parties' agreement that Fugate will be sentenced "at least 20 years up to 30 years on [C]ount [T]hree," it is technically possible to increase the sentence on Count One (which calls for a sentencing range of 1 day to 20 years) so that the aggregate sentence still falls within the 20-30 year range. However, given that Fugate now faces a statutory maximum penalty of ten years on Count Three, the Court may well impose a slightly lower overall sentence. In the Court's view, this is enough to establish the requisite prejudice for the procedural default. There can be no doubt that the fifteen-year mandatory minimum sentence on the ACCA charge colored the parties' plea negotiations. Moreover, the Court cannot say that its sentence was *uninfluenced* by either the plea agreement or what it understood to be the then mandatory minimum sentence on the ACCA count. The Court therefore concludes that the *Johnson* claim is not procedurally defaulted.

## IV.   Summary

In light of the holding in *Johnson*, Fugate can no longer be deemed an armed career criminal subject to a fifteen-year mandatory minimum sentence on Count

18

Three.  Because the 300-month sentence previously imposed on that Count greatly exceeds the now-applicable statutory maximum sentence of ten years on that Count, Fugate's sentence must be vacated under 28 U.S.C. § 2255 and the judgment set aside.  An Amended Presentence Investigation Report will be ordered, and a conference call will be set to discuss a date for resentencing.

The Government has suggested that, if the sentence imposed pursuant to the Rule 11(c)(1)(C) plea agreement is vacated, the whole plea agreement must be invalidated, and the Government must be given the opportunity to reinstate the charges that it previously agreed to dismiss, including the two §924(c) counts, in order to obtain the benefit of its bargain.  Doc. #100, PageID#886 n.1.  Although the Government clearly has authority to reinstate previously-dismissed counts if a defendant successfully moves to withdraw a guilty plea, *see* 18 U.S.C. §3296(a), it is unclear that the Government has the same authority when a defendant seeks only to have an illegal sentence corrected.  If, after receipt of the Amended Presentence Investigation Report, the Court is inclined to resentence Fugate to an aggregate term of imprisonment of less than twenty years—the minimum aggregate sentence agreed to by the parties—the Court will give the parties the opportunity to file supplemental briefing on this issue.

## V.    Conclusion

For the reasons set forth above, the Court OVERRULES IN PART and SUSTAINS IN PART Defendant's Objections, Docs. ##113, 116, to the Magistrate

Judge's Supplemental Report and Recommendations, Doc. #112, and Second

Supplemental Report and Recommendations, Doc. #115. Said judicial filings are

ADOPTED IN PART and REJECTED IN PART.

The Court SUSTAINS Defendant's Motion to Vacate Sentence Pursuant to

28 U.S.C. § 2255 (Doc. #94), and VACATES the Judgment issued on January 21,

2014 (Doc. #74).

The Probation Officer shall prepare an Amended Presentence Investigation

Report that includes, among other matters deemed pertinent: (1) revised Guideline

calculations on Count III; (2) an overview of Fugate's post-sentencing

rehabilitation; and (3) a revised sentencing recommendation.

A conference call will be held on Tuesday, September 19, 2017, at 8:30

a.m., to discuss further procedures and a date for resentencing.


Date: September 7, 2017

WALTER H. RICE
UNITED STATES DISTRICT JUDGE