# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :      Case No. 3:09-cr-165
                                        Also 3:16-cv-069

                                        District Judge Walter H. Rice
  -  vs  -                              Magistrate Judge Michael R. Merz

MICKEY FUGATE,

                Defendant.    :

## REPORT AND RECOMMENDATIONS

      This criminal case is before the Court on Defendant's *pro se* Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 127). Fugate claims his conviction has been rendered unconstitutional by *United States v. Davis*, 139 S. Ct. 2319, decided June 24, 2019; and *Rehaif v. United States,* 588 U.S. ___, 139 S. Ct. 2191, decided June 21, 2019.

     As with all collateral attacks on criminal judgments at the Dayton seat of court, Fugate's Motion is referred to the undersigned for recommendation to Judge Rice for final disposition.

**Litigation History**

     The grand jury returned a three-count indictment against Fugate on December 2, 2009, charging that on November 14, 2009, Fugate did

1

> obstruct, delay and affect commerce, as that term is defined in 18 U.S.C. § 1951, and the movement of articles in commerce, by robbery and by threatened physical violence to any person in furtherance of a plan and purpose to commit the robbery, in that the defendant, MICKEY FUGATE, did unlawfully obtain and take persona] property, namely, United States currency, from the person and in the presence of another, namely employees of the "Kwik N Kold" store located at 1316 Wyoming Street, Dayton, Ohio, against their will by means of actual and threatened violence, and fear of injury to said persons.

(Indictment, Count 1, ECF No. 14, PageID 33, charging a violation of the Hobbs Act, 18 U.S.C. § 1951). Count 2 charged that during the Hobbs Act robbery, Fugate discharged a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(iii). *Id.* at PageID 34. Count 3 charged that on the same date Fugate, having previously been convicted of a felony, possessed a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). *Id.*

After an interlocutory appeal, Judge Rice denied Fugate's Motion to Suppress on June 24, 2013 (ECF No. 57). The next month the grand jury returned a Superseding Indictment adding Counts Four and Five (ECF No. 60). On August 28, 2013, Fugate entered into a Plea Agreement with the United States in which he agreed to plead guilty to Counts One and Three of the Superseding Indictment, conditioned on his reserving the right to appeal the denial of the Motion to Suppress (ECF No. 66). On January 14, 2014, Judge Rice sentenced Fugate to 188 months imprisonment on Count 1s and 300 months on Count 3s, concurrent with one another but consecutive to sentences imposed for supervised release violations in Case Nos. 3:99-cr-078 and 3:00-cr-078 (Judgment, ECF No. 74, PageID 585). On December 18, 2014, the Sixth Circuit affirmed this Court's judgment. *United States v. Fugate*, Case Nos. 14-3059/3456/3457 (6th Cir. Dec. 18, 2014)(unpublished; copy at ECF No. 85).

On February 23, 2016, with the assistance of the Federal Public Defender, Fugate filed his first Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 94). On September 7, 2017, Judge Rice sustained the Motion and vacated the judgment (Decision and Entry, ECF No. 117). On February 15, 2018, Judge Rice re-sentenced Fugate to 240 months on Count One and 120 months on Count Three to be served concurrently with each other but consecutive to the prison time on the supervised release violations (Superseding Judgment, ECF No. 125-1). Fugate did not appeal and his convictions thus became final on March 1, 2018, when his time to appeal expired. Fugate effectively filed the instant Motion on June 22, 2020, when he deposited it in the mail (ECF No. 127-1, PageID 1058).

## Analysis

**Jurisdiction**

Federal courts are courts of limited jurisdiction and must decide as a threshold matter in each case presented to them whether they have jurisdiction to proceed. *Louisville & Nashville R. Co. v. Mottley,* 211 U.S. 149, 152 (1908). A District Court may not decide a second or successive Motion to Vacate without prior permission from the circuit court of appeal. 28 U.S.C. § 2255(h). A District Court lacks jurisdiction over a second or successive motion. *Burton v. Stewart*, 549 U.S. 147 (2007); *Franklin v. Jenkins*, 839 F.3d 465(6th Cir. 2016).

However, not every second-in-time motion is second or successive. *Panetti v. Quarterman,* 551 U.S. 930 (2007). Although Fugate previously filed a § 2255 motion in this case, there is an intervening Superseding Judgment (ECF No. 125-1) which prevents the instant Motion

from being second or successive. *Magwood v. Patterson*, 561 U.S. 320, 331-32 (2010). This Court therefore has jurisdiction to decide the instant Motion rather than transferring it to the Sixth Circuit for permission to proceed.

**Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") enacted a one-year statute of limitations for § 2255 motions, now codified at 28 U.S.C. § 2255(f) which provides:

> A one-year statute of limitations shall apply to a motion under this section. The limitations period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by government action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

As noted above, Fugate did not appeal from the Superseding Judgment and his convictions thus became final on March 1, 2018, when his time to appeal expired. Fugate effectively filed the instant Motion on June 22, 2020, when he deposited it in the mail (ECF No. 127-1, PageID 1058).

4

If the case were covered by § 2255(f)(1), the statute of limitations would have expired March 1, 2019, and the instant Motion would be time-barred.

Fugate, however, claims the benefit of § 2255(f)(3). Under that statute, his Motion is timely if brought within one year of initial recognition of the right relied on and the Supreme Court decision has been made retroactively applicable to cases on collateral review.

If either *Rehaif* or *Davis* is such a decision, then Fugate's instant Motion is timely. June 21, 2020, the anniversary of the *Rehaif* decision was a Sunday and Fugate filed the next day, making his filing timely as to *Rehaif*. Fed.R.Civ.P. 6(a)(1)(C). *A fortiori* his filing was timely as to *Davis* whose anniversary of decision is June 24, 2020.

In *Rehaif* the Supreme Court made a new interpretation of "knowingly," the *mens rea* element of 18 U.S.C. § 922(g). To the extent it recognized a new "right," it was the right of a person charged under § 922(g) to have the jury instructed that the Government must prove beyond a reasonable doubt that the defendant knew he was violating each of the elements of § 922(g), i.e., that he belonged to a class of persons prohibited from possessing a firearm, that he possessed a firearm, that he had previously been convicted of a crime carrying a possible penalty in excess or one year's imprisonment, and that the firearm in question had moved in or affected interstate commerce.

The rule in *Rehaif* was new in the sense that it was not dictated by precedent and in fact many courts of appeal had decided to the contrary. The Supreme Court made no comment on retroactivity. However, it has previously given the lower courts criteria by which they can decide that question: a new rule is retroactive and therefore applicable to cases on collateral review if it is substantive (narrowing the classes of people who can be punished for certain conduct or the range of conduct which can be punished) or a "watershed" rule of criminal procedure. *Graham v.*

5

*Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989).  *Rehaif* is neither.  It narrows neither the classes of people who can be punished nor the conduct for which they can be punished and it is not a "watershed" rule in the sense of affecting a major change in criminal procedure.  The Supreme Court has never recognized such a "watershed" rule, but has suggested the change effected would have to be as major as that made by *Gideon v. Wainwright*, 372 U.S. 335 (1963), which recognized a right to appointed counsel in all indigent felony cases.  Because *Rehaif* is not retroactively applicable to cases on collateral review, Fugate's claim under *Rehaif* is not saved from the statute of limitations by § 2255(f)(3) and should be dismissed as time-barred.

Fugate's Motion contains a two-page single-spaced discussion of *United States v. Gary*, 954 F.3d 194 (4th Cir. 2020), which appears to have been copied and pasted rather than written by Fugate.  *Gary* applied *Rehaif* to a case on direct appeal and vacated a guilty plea where the plea colloquy did not comport with *Rehaif*.  Because *Gary* was decided on direct appeal, the Fourth Circuit did not decide that *Rehaif* was to apply retroactively to cases on collateral review and does not support relief here.

In contrast, *Davis* did recognize a new constitutional right, to wit, not to be convicted of a violation of 18 U.S.C. § 924(c) by application of the definition of a crime of violence contained in the so-called "residual" clause, 18 U.S.C. § 924(c)(3)(B).  The Sixth Circuit has expressly held that *Davis* does apply retroactively to cases on collateral review.  *In re Franklin,* 950 F.3d 909, 910 (6th Cir. 2020), applying *Welch v. United States*, 136 S. Ct. 1257, 1264-65, 194 L. Ed. 2d 387 (2016).  Fugate's *Davis* claims are therefore timely under 28 U.S.C. § 2255(f)(3).

**Merits**

Fugate challenges his conviction under 18 U.S.C. § 924(c) on the basis of *Johnson v. United States*, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015); *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018); and *Davis*. Any claims under *Johnson* or *Dimaya* are barred by the statute of limitations because the instant Motion was filed more than one year after those decisions were handed down.

In *Davis* the Court held that 18 U.S.C. § 924(c)(3)(B)'s definition of a crime of violence (the "residual" clause") is unconstitutionally vague. It thus endorsed a position the Sixth Circuit had taken three years earlier in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). After *Davis*, a conviction under § 924(c) is sustainable only if the underlying "crime of violence" meets the definition of that term in § 924(c)(3)(A), the so-called "elements" clause. That statute defines a crime of violence as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."

In deciding whether a crime is a violent crime under § 924(c), a federal court must determine whether it "has as an element the use or attempted used of 'violent force' – that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010)." *United States v. Rafidi*, 829 F.3d 437 (6th Cir. 2016). That element may be satisfied by showing actual physical contact. *United States v. Rafidi*, 829 F.3d 437 (6th Cir. July 11, 2016), citing *United States v. Street,* 66 F.3d 969, 977 (8th Cir. 1995). In the absence of physical contact, the forcible element can be established by proving a threat or display of physical aggression "sufficient to inspire fear of pain, bodily harm, or death. *Rafidi*. This satisfies the

requirement of threatened use of physical force from the earlier 2010 *Johnson* decision. *Rafidi*, quoting *United States v. Chambers,* 195 F.3d 274, 277 (6th Cir. 1999).

In this case the underlying crime of violence relied on by the United States was Hobbs Act robbery: taking from the employees of the Kwik N Kold at 1316 Wyoming Street in Dayton by means of actual and threatened violence, and fear of injury to said persons. (Indictment, Count 1, ECF No. 14, PageID 33.) The Sixth Circuit has held Hobbs Act robbery is a crime of violence within the meaning of 18 U.S.C. § 924(c). *United States v. Gooch*, 850 F.3d 285 (6th Cir. 2017), followed in *United States v. Carpenter*, 2018 U.S. Dist. LEXIS 72821 (S.D. Ohio May 1, 2018). Other circuits have unanimously held the same.

Because Fugate's § 924(c) conviction was based on an underlying felony, Hobbs Act robbery, which meets the definition of "crime of violence" in § 924(c)(3)(a), the elements clause, he is not entitled to relief under *Davis*.

At the end of his Motion, Fugate also seeks relief under *Davis* from his conviction in *United States v. Fugate*, Case No. 3:99-cr-078 (Motion, ECF No. 127, PageID 1053). In the Superseding Judgment, he was sentenced to time already served awaiting sentencing on his supervised release violation in that case (Superseding Indictment, ECF No. 125-1, PageID 1053). Thus he is no longer in custody on that conviction and this Court lacks jurisdiction to consider his claim under 28 U.S.C. § 2255.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Motion to Vacate be dismissed with prejudice. Because reasonable jurists would not disagree with

8

this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 25, 2020.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.