THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF
AMERICA,

        Plaintiff,

  v.

MICKEY FUGATE,

        Defendant.

:

:

:

:

Case No. 3:09-cr-165 (1)

Judge Walter H. Rice

---

DECISION AND ENTRY OVERRULING MOTION FOR SENTENCE
RELEASE UNDER 18 U.S.C. § 3582(c)(1)(A) (DOC. #136) OF
DEFENDANT MICKEY FUGATE

---

Before the Court is the Motion to Modify Sentence Pursuant to 18 U.S.C. §

3582(c)(1)(A) of Defendant Mickey Fugate. (Doc. #136). For the reasons set forth

below, the Motion is OVERRULED.

I. **Factual Background and Procedural History**

On April 29, 2019, Defendant was sentenced to 240 months imprisonment

after being convicted of Interference of Commerce by Threats of Violence (Count

One) and Unlawful Possession of a Firearm and Ammunition as an Armed Career

Criminal (Count Three). (2019 Judgment, Doc. #125-1, PAGEID 1035, citing 18

U.S.C. §§ 924(e), (g)(1); First Superseding Indictment, Doc. #60). Defendant had

previously been sentenced to 300 months imprisonment on those Counts on

January 13, 2014. (2014 Judgment, Doc. #74, PAGEID 584-85). Defendant is fifty-two years old with a present release date of August 6, 2031.[1]

Defendant claims that he filed a request for compassionate release with his warden in September 2024, and that the warden denied the request in January 2025. (Doc. #136, PAGEID 1099). However, he does not specify the date of his request and the warden's denial; nor does he attach a copy of this request or the warden's alleged denial. He argues that the following are extraordinary and compelling reasons for release: (1) need to take care of his ill mother; (2) his health being threatened due to prison conditions; and (3) changes in the law have caused a disparity between the length of his sentence and what it would be if he were sentenced today. (*Id.* at PAGEID 1101).

In its memorandum *contra*, Plaintiff United States of America ("Government") argues that Defendant's failures: to identify the dates of his request to the warden and the warden's denial, and to attach supporting documentation, mean that Defendant has not demonstrated exhaustion, and that his Motion should be overruled for that reason alone. (Memo. in Opp., Doc. #137, PAGEID 1120, citing *United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020); *United States v. Buckingham*, No. 3:19-cr-597, 2024 WL 2749297, *1 (N.D. Ohio May 19, 2024), *reconsideration denied at* 2025 WL 2391490 (N.D. Ohio Aug. 18, 2025); *United States v. Booker*, No. 1:13-cr-50, 2024 WL 1655808, *2 (N.D. Ohio

---

[1] https://www.bop.gov/inmateloc/ (last accessed Jun. 22, 2026).

2

Apr. 17, 2024)). The Government further claims that Defendant has failed to establish an extraordinary and compelling reason for release. (*Id.* at PAGEID 1120-21). Specifically, the Government notes that courts have rarely found care for an ill family member as an extraordinary and compelling reason for release. (*Id.* at PAGEID 1122, citing UNITED STATES SENT'G GUIDELINE § 1B1.13(b)(3)(C); *United States v. Brewer*, Case No. 11-20537, 2022 WL 1125797, *2 (E.D. Mich. Apr. 15, 2022)). The Government also notes that Defendant's mother has submitted a letter generally describing her health issues, Defendant fails to provide any specifics "demonstrating that his mother or father [is] incapacitated. Nor does the record establish that he is [the] only available caregiver for his mother." (*Id.* at PAGEID 1122-23, citing *United States v. Livesay*, No. 3:18-cr-36, 2023 WL 8101845, *6 (E.D. Tenn. Nov. 21, 2023), *aff'd*, No. 23-6072, 2024 WL 5105505 (6th Cir. Jun. 14, 2024)).

The Government further claims that, while Defendant lodges general complaints about contracting COVID and history of heart surgeries (at unspecified dates), he does not submit any records regarding his health history or prognosis; nor does he show offer evidence that his condition is so serious "that would prevent him from caring from [*sic*] himself or 'a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.'" (Doc. #137, PAGEID 1123-24, quoting GUIDELINE § 1B1.13(b)(1)(B-C); citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Khair*, No. 15-404, 2023

3

WL 4740902, *3 (D.N.J. July 25, 2023)).  Compounding Defendant's problems, the Government asserts, is that a prayer for release due to inadequate care at the prison is improper in a motion for compassionate release.  (*Id.* at PAGE1124-25, citing *United States v. Rodriguez-Gonzales*, No. 3:08-cr-304-4, 2021 WL 5769160, *3 (N.D. Ohio Nov. 3, 2021)).  The Government argues that that leaves only Defendant's claims of rehabilitation while incarcerated, which the Government notes cannot by itself constitute an extraordinary and compelling reason for release.  (*Id.* at PAGEID 1125, quoting 28 U.S.C. § 994(t); GUIDELINE § 1B1.13(d)).  Thus, the Government concludes, Defendant has failed to meet the second element for compassionate release.

Finally, the Government argues that the 18 U.S.C. § 3553(a) factors that the Court evaluated in sentencing Defendant weigh against release—an element Defendant does not attempt to address.  (Doc. #137, PAGEID 1126).  Specifically, the Government notes that Defendant shot someone and shot at another individual during the course of the armed robbery, and that he was an armed career criminal at sentencing.  (*Id.*, citing *United States v. Fugate*, 599 F. App'x 564, 567, 568 (6th Cir. 2014)).

In Reply, Defendant argues that the crime for which he was determined to be an armed career criminal at the time of sentencing was subsequently vacated, and that, were he sentenced today, he would have been released by now.  He also claims that he exhausted his remedies fully with his Warden; however, Defendant again does not attach any supporting documentation.  (Doc. #138, PAGEID 1129).

4

The matter is now ripe for decision.

## II.     Legal Standards

A district court may, in certain limited circumstances, grant "compassionate

release" and modify a term of imprisonment after it has been imposed:

> [T]he court ... may reduce the term of imprisonment (and may
> impose a term of probation or supervised release with or without
> conditions that does not exceed the unserved portion of the original
> term of imprisonment), (1) after considering the factors set forth in
> section 3553(a) to the extent that they are applicable, (2) if it finds that
> extraordinary and compelling reasons warrant such a
> reduction . . .(3) and that such a reduction is consistent with
> applicable policy statements issued by the Sentencing Commission. [2]

18 U.S.C. § 3582(c)(1)(A)(i) (numeration added).  Defendants seeking

compassionate release may file a motion with the district court only after they

submit a request to his or her warden to move for compassionate relief on their

behalf and either (a) the warden denies the request, or (b) the warden does not

respond within thirty days from the submission of the request.  *Id.*  Failure to

comply with the exhaustion strictures set forth in the statute deprive a court of

authority to entertain the petition.  *See United States v. Alam*, 960 F.3d 831, 834

(6th Cir. 2020) (internal quotation marks and citation omitted) (First Step Act's

exhaustion requirement is, in essence, a "mandatory claim-processing rule[]"

that, when properly invoked, courts must enforce by dismissing the motion).

---

[2] The United States Court of Appeals for the Sixth Circuit has held that the Guidelines Section 1B1.13 is not an applicable policy statement with respect to motions for compassionate release filed by prisoner defendants. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).  Nonetheless, the Court may look to Section 1B1.13 for guidance as to what constitutes an "extraordinary and compelling reason[.]" *Id.* at 519-20.

If the district court adjudges that a defendant has not met one of the elements, then it may overrule a motion for compassionate release without discussing any of the other elements. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Relief under the First Step Act is wholly discretionary; even if a defendant meets all three elements of the statute, the Court may, but need not, order compassionate release. *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020).

## III. Analysis

Defendant must present evidence supporting all three elements before the Court may consider granting compassionate release. *See United States v. Black*, No. 1:17-cr-74(2), 2020 WL 6044504 , *1(S.D. Ohio Oct. 13, 2020) (Dlott, J.), *aff'd* No. 20-4185, 2021 WL 1776327 (6th Cir. Mar. 1, 2021) ("A defendant seeking sentence reduction bears the burden of proving entitlement to compassionate release."). As discussed above, Defendant makes barebones statements in his Motion that he asked the Warden sometime in September 2024 for compassionate release and that the Warden denied the request sometime in January 2025. (Doc. #136, PAGEID 1099). However, Defendant offers no evidence that he actually exhausted his administrative remedies; his Motion fails for that reason alone.

Further, Defendant has failed to set forth an extraordinary and compelling reason justifying release. "[A] defendant's status as *the only available caregiver* to an incapacitated parent or other close family member can, in some circumstances, constitute an extraordinary and compelling reason for a sentence

6

reduction." *United States v. Wilson*, No. 10-CR-363S(1), 2021 WL 2327312, *4 (W.D.N.Y. Jun. 8, 2021) (emphasis added, citations omitted), *appeal withdrawn at* No. 21-1565, 2021 WL 4439506 (2d Cir. Aug. 11, 2021).  However, Defendants' mother admits that her husband and youngest son help care for her.  (D. Buck Letter, Doc. #136-3, PAGEID 1112).  Thus, Defendant caring for his mother (Doc. #136, PAGEID 1101) cannot be an extraordinary and compelling reason for release. *Second*, while Defendant claims that he contracted COVID-19 twice while incarcerated and has had three heart surgeries (Memo., Doc. #136-2, PAGEID 1109), he does not provide supporting documentation, does not state when those surgeries happened or claim that the condition is deteriorating.  And some courts have held that the mere existence of a serious health problem is not sufficient to be an extraordinary and compelling reason for release. *See, e.g., United States v. Pearce*, No. 3:19-cr-88-B-1, 2022 WL 2359639, *2 (N.D. Tex. Jun. 30, 2022) ("[T]he Court looks beyond mere diagnoses to individual circumstances."); *United States v. Shleton*, No. ___, 2022 WL 254343 (E.D. Tex. Jan. 26, 2022) ("[M]ere diagnosis without more . . . [is] insufficient to justify compassionate release. *United States v. Gieseke*, No. 3:12-cr-360-B-1, 2021 WL 3492359, *2 (N.D. Tex. Aug. 6, 2021) (Defendant's health "conditions do not, by themselves, constitute extraordinary and compelling reasons for granting his request. . . . Thus, this Court generally requires evidence beyond mere diagnoses, demonstrating that medical conditions warrant that inmate's release.").

Defendant also fails to state whether he received the COVID-19 vaccination, despite the vaccine being widely available for years prior to Defendant filing his Motion. "To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021), citing *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). *Lemons* remains good law in this Circuit, and thus, Defendant's preexisting health conditions cannot be an extraordinary and compelling reason. Defendant's Motion fails for that reason as well. *Elias*, 984 F.3d at 519.

Finally, Defendant's Motion would also fail even if an extraordinary and compelling reason for release existed. It is undisputed that Defendant, in robbing the convenience store, shot and wounded an employee, discharged his firearm again in attempting to open the cash register, and shot at a car in which the driver had called the police to report the robbery. *Fugate*, 599 F. App'x at 565. Defendant conceded that he committed these acts and that he had been previously convicted of five felonies. (Stmt. of Facts, Doc. #66, PAGEID 546-47). The United States Court of Appeals for the Sixth Circuit affirmed the sentence imposed by this Court, stating that the undersigned:

> [E]ngaged in extensive discussion of the factors set forth in 18 U.S.C. § 3553(a) when arriving at the 300-month sentence for the robbery and gun offenses. It discussed its reasoning . . . in sufficient detail when it noted the violent nature of the two earlier offenses—armed bank robbery and another convenience store robbery—where a

8

firearm was also discharged. The district court noted the "obvious pattern" between the previous crimes and the instant offense and the need to sanction and not "ignore" defendant's multiple armed offenses. The court concluded that all this provided "ample reason to impose consecutive sentences."

*Fugate*, 599 F. App'x at 568.

Despite Defendant's claims of rehabilitation while incarcerated (Doc. #136-2, PAGEID 1109-10), his history leads the Court to conclude that he is an ongoing threat to public safety, GUIDELINE § 1B1.13(a)(2), and that there is no condition of supervised release that can meaningfully ameliorate that threat. While a threat to public safety may no longer be the sole reason for denying compassionate release, *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021), it is a factor the Court may consider in concluding that a reduction of Defendant's sentence to time served and release from confinement would not serve "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense[.]" 18 U.S.C. § 3553(a)(2)(A). As Defendant has failed to satisfy the 18 U.S.C. § 3553(a) factors, his Motion must be overruled for that reason as well.

While Defendant has not met any of the three elements, the Court wishes to address briefly Defendant's argument that his armed career criminal charge was "vacated in 2018 and [he] was re-sentenced[.]" (Doc. #138, PAGEID 1129). On February 23, 2016, Defendant filed a Motion to Vacate the 2014 Judgment in light of the Supreme Court invalidating the residual clause of the Armed Career Criminal Act of 1984 ("ACCA"). (Doc. #94, PAGEID 855-56, citing 28 U.S.C. § 2255;

*Johnson v. United States*, 576 U.S. 591 (2015)). On September 7, 2017, the Court sustained the Motion to Vacate, determining that, in light of *Johnson*, Defendant was no longer subject to the ACCA enhancement providing for a mandatory minimum sentence of at least fifteen years on Count Three. (Entry, Doc. #117, PAGEID 1001). "Instead, the statutory maximum sentence is ten years. This Court's 300-month sentence on Count Three is more than double the new statutory maximum." (*Id.* at PAGEID 1002). "[G]iven that Fugate now faces a statutory maximum penalty of ten years on Count Three, the Court may well impose a slightly lower overall sentence." (*Id.* at PAGEID 1003). Consequently, the Court vacated the 2014 Judgment and ordered that Defendant be resentenced. (*Id.* at PAGEID 1004-05).

Prior to resentencing:

[B]oth the government and Mr. Fugate request[ed] that the Court impose a sentence of 240 months' imprisonment. Such a sentence can be accomplished by imposing 240 months on Count 1, and a sentence of up to 120 months on Count 3, to run concurrently with each other. A total 240-month sentence would represent an upward variance from the now applicable 151-188 months range, and would also conform to the plea agreement entered into by the parties under [Federal] Rule [of Criminal Procedure] 11(c)(1)(C).

(Def. Sent. Memo., Doc. #122, PAGEID 1020). On February 7, 2018, the Court imposed precisely that sentence (Doc. #125-1, PAGEID 1035), a meaningful reduction from the 300-month sentence in the 2014 Judgment.[3] (Doc. #74,

---

[3] While the sentence ran consecutively, rather than concurrently with, the time imposed for two supervised release violations (Doc. #125-1, PAGEID 1035), Defendant does not challenge that portion of his sentence in this Motion.

PAGEID 585).  While Defendant seemingly faults the Government for not realizing that he is not an armed career criminal post-*Johnson* (Doc. #138, PAGEID 1129), Defendant has not had that designation since before resentencing, and the Government has not tried to reimpose the ACCA enhancement.  Accordingly, the change in sentencing is not grounds for release or further reduction in sentence.

## IV.    Conclusion

For the reasons set forth above, Defendant's Motion (Doc. #136) is OVERRULED.

The captioned case remains terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

IT IS SO ORDERED.

Walter H. Rice

WALTER H. RICE, JUDGE

June 25, 2026                               UNITED STATES DISTRICT COURT